UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-20783-COOKE/TORRES

MARTHA ALEGRIA
DE VALLADARES,

     Plaintiff,

vs.

WELLS FARGO BANK, N.A.,
a national banking association,

     Defendant.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me upon a *sua sponte* review of the record. Plaintiff, a citizen of Honduras, filed suit against Defendant, a California corporation, alleging a claim of negligence (Count I) and a claim pursuant to Fla. Stat. § 655.94 (Count II). *See generally*, Compl., ECF No. 1. Plaintiff alleged that jurisdiction was proper in this court pursuant to 28 U.S.C. § 1332, diversity of citizenship. After reviewing Plaintiff's Complaint, the record, relevant legal authorities, and for the reasons stated below, Plaintiff's Complaint is dismissed without prejudice.

### I.    BACKGROUND

Plaintiff Martha Alegria De Valladares ("Plaintiff") brings this action pursuant to 28 U.S.C. § 1332. Plaintiff alleges that she originally entered into an agreement with Defendant, Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") predecessor, First Union Bank ("First Union"), to lease a safe deposit box (the "box") over thirty years ago. During the course of that lease agreement, First Union mistakenly removed Plaintiff's valuables from the box. As a result, on August 13, 2003, Plaintiff and First Union entered into an agreement wherein First Union allowed Plaintiff to retain the box free of charge due to their error. In December 2012, Plaintiff learned that First Union had been sold, first to Wachovia Bank, and subsequently to Defendant Wells Fargo. A representative from Wells

Fargo informed Plaintiff that she would no longer be allowed to use her box for free, and that she should send payment of $150 to keep leasing the box.

Plaintiff sent her brother to a Wells Fargo bank branch office in Miami to make payment for her safe deposit box on January 26, 2013. However, on November 12, 2015, Plaintiff discovered that the contents of her box had been removed on December 6, 2011 and escheated to the Florida Bureau of Unclaimed Properties (the "Bureau"). The Bureau auctioned off the contents of her box August 9, 2014. Plaintiff never received any notices or liens of any monies owed for her safe deposit box before its contents were auctioned off. As a result, Plaintiff alleges that she "sustained damages including loss of the actual value of the contents stored in the safe deposit box, and loss of the sentimental value of these contents many of which were in her family over five generation." Compl. ¶ 22. Plaintiff seeks "compensatory damages, including special damages for the sentimental value [the] items had to the Plaintiff … " *Id.*

## II. LEGAL STANDARD

A district court must *sua sponte* inquire into subject matter jurisdiction and may dismiss a case whenever it may be lacking. Fed. R. Civ. P. 12(h)(3); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* A court shall assert jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states or foreign countries. 28 U.S.C. § 1332.

Dismissal for failure to meet the amount in controversy is proper only where the pleadings make it clear "to a legal certainty that the claim is really for less than the jurisdictional amount." *Bradley v. Kelly Servs., Inc.*, 224 Fed. App'x 893, 895 (11th Cir. 2007). "However, 'where jurisdiction is based on a claim for indeterminate damages, the [ ] "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim . . . meets the jurisdictional minimum." *Dibble v. Avrich*, No. 14-CIV-61264, 2014 U.S. Dist. LEXIS 163529, at *4-5 (S.D. Fla. Nov. 14, 2014) (quoting *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003)). Conclusory allegations are insufficient. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352-53 (1961). Rather, the party must set forth the

underlying facts supporting such an assertion.  *Id.*; *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967 (11th Cir. 2002).

### III.   ANALYSIS

Here, Plaintiff alleges "This is an action for damages that exceeds SEVENTY-FIVE THOUSAND DOLLARS . . . exclusive of interest and costs [and] that parties are citizens of different countries."  Compl. ¶ 1.  While Plaintiff sufficiently pleads complete diversity of citizenship between herself and Defendant Wells Fargo, Plaintiff fails to sufficiently plead that the amount in controversy in this case meets the $75,000 jurisdictional minimum necessary to establish diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff's claims are for indeterminate damages, as she seeks "compensatory damages, including special damages for the sentimental values [the] items had [to] the Plaintiff," without actually providing details as to the nature of the items in the box or their value.  As such, Plaintiff has failed to include any underlying facts to support her claim that her damages exceed the jurisdictional minimum of $75,000.

While it is true that a plaintiff's "burden of establishing the amount in controversy … is not onerous [,] [i]t merely requires that [p]laintiff convince [the] court that it is more likely than not that the pleading satisfies the jurisdiction minimum," *Co. Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, No. 13-60659-Civ-Rosenbaum, 2013 U.S. Dist. LEXIS 152870, at *9-10 (S.D. Fla. Oct. 24, 2013), Plaintiff here cannot even satisfy that minimal burden.  Plaintiff conclusorily mentions the sentimental value of the items in her safe deposit box but has provided little in the way of actual factual allegations to convince this Court that it is more likely than not that her damages will exceed the jurisdictional minimum.  As such, since Plaintiff has failed to allege any facts in her Complaint sufficient to convince this Court that the jurisdictional amount has been met, Plaintiff has failed to properly allege that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### IV. CONCLUSION

Therefore, since Plaintiff has failed to properly allege this Court's subject matter jurisdiction over this matter, it is **ORDERED** and **ADJUDGED** as follows:

1.   Plaintiff's Complaint is **DISMISSED** *without prejudice*.  Any Amended Complaint must be filed within seven (7) days of the date of this Order, or on or before **July 6, 2016.**

    2.    In the interim, the Clerk shall *administratively* **CLOSE** this case.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 29th day of June 2016.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*